UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MERTENS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, a municipal corporation in the state of Washington, and STATE OF WASHINGTON,<br><br>　　　　　　Defendants. | No. C04-1476MJP<br><br>ORDER VACATING THE CLERK'S ORDER OF DEFAULT AND GRANTING DEFENDANT STATE OF WASHINGTON'S MOTION TO DISMISS |

This matter comes before the Court on Defendant State of Washington's ("State") motion for reconsideration of the Clerk's Order of Default (Docket No. 14) and to dismiss this action. (Docket No. 18). The State brings this motion under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P 60(b). After reviewing all the relevant documents and pleadings and hearing oral argument on this matter, this Court finds it must VACATE the Court Clerk's Order of Default in favor of the Plaintiff because of excusable neglect on the part of the State of Washington, and DISMISS the case against the State without prejudice for lack of subject matter jurisdiction..

**Background**

Plaintiff Kevin Mertens ("Mertens") represented himself as a pro se defendant on remand after an initial appeal on a criminal conviction in the City of Seattle Municipal Court. The second trial court ruled against Mertens, and he appealed his claims to the Washington State Court of Appeals Division I and the Washington Supreme Court. Both appeals were denied. In a Complaint filed with this

ORDER - 1

Court against the City of Seattle and the State of Washington, Mertens claims that he was denied the right to properly defend himself and to compel witnesses to testify on his behalf. Additionally, Mertens claims that the Washington State Court of Appeals Division I and the Washington Supreme Court "failed to properly interpret state law to the extent that prejudicially restrains" him (Pl's Complaint at 3).

The State failed to timely respond to Mertens complaint. Mertens filed a motion for default which was granted by the Court Clerk. The State now seeks to have this Court vacate the motion for default and dismiss all claims against it.

**Analysis**

**I. Order of Default**

At oral argument on this motion, the State of Washington informed the Court that it had failed to respond to Plaintiff's original complaint because it had interpreted the complaint as a petition for habeas corpus under 28 U.S.C. §2254. Accordingly, the State of Washington relied on Rule 5(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts, which provides: "The respondent is not required to answer the petition unless a judge so orders."  In light of this rule, the Court finds that the cause for the State of Washington's failure to answer Mr. Mertens complaint constituted "excusable neglect" under Fed. R. Civ. P. 60(b). For this reason, the Clerk's Order of Default against the State is VACATED. Nonetheless, the State is advised that judicial economy would be better served if the State would share its evaluation of a case with the Court and other parties to that case in a formal answer or motion to dismiss when a case is filed as a normal civil action and not as a habeas action.

**II. Subject Matter Jurisdiction**

The Supreme Court has held that "the Eleventh Amendment reflects 'the fundamental principle of sovereign immunity [that] limits the  grant of judicial authority in Art. III." <u>Seminole Tribe v. Fla.</u>, 517 U.S. 44, 64 (1996) (quoting <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 97-98 (1984)). A federal court may only exercise Article III subject matter jurisdiction

over a state if the State has waived its immunity or the immunity has been abrogated by congress. See Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 473 (1987). No such waiver or abrogation is present in this case. Thus, this Court does not have the requisite subject matter jurisdiction to hear the Mertens' claims against the State of Washington and must DISMISS without prejudice his case against the State.

**Conclusion**

The State of Washington has presented a valid basis for finding excusable neglect on its part under Fed. R. Civ. P. 60(b). Accordingly, the Court VACATES the Clerk of this Court's Order of Default against the State of Washington. Additionally, the sovereign immunity granted to the State of Washington by the Eleventh Amendment bars this Court from exercising subject matter jurisdiction in this case. For this reason, the Court DISMISSES without prejudice Mr. Mertens' claims against the State of Washington. In dismissing all claims against the State of Washington this Court does not reach the merit of Mertens' claims nor does it make any ruling in regard to Mertens' claims against the City of Seattle.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: April 8, 2005.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3