UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MERTENS,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, STATE OF WASHINGTON.<br><br>              Defendants. | No. C04-1476P<br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS |

This matter comes before the Court on several of Plaintiff's pending motions: Plaintiff's Motion to Join Parties/Request for Summons (Dkt. No. 70), Plaintiff's Motion for Court Order (Dkt. No. 71), Plaintiff's Motion for the Court to Exercise Pendent Jurisdiction (Dkt. No. 68), Plaintiff's Motion for Injunction Order (Dkt. No. 67), Plaintiff's Motion to Amend Original Complaint (Dkt. No. 75), and Plaintiff's Motion for a Hearing (Dkt. No. 73). Having reviewed these motions, the City of Seattle's opposition, and all documentation relevant thereto, the Court DENIES Plaintiff's Motion to Join Parties, GRANTS Plaintiff's Motion for a Court Order, DENIES Plaintiff's Motion for the Court to Exercise Pendent Jurisdiction, Plaintiff's Motion for Injunction Order, Plaintiff's Motion to Amend, and Plaintiff's Motion for a hearing. All of the motions that this Court is denying are procedurally or legally defective and the Court cannot, therefore, grant Mr. Mertens much of the relief he seeks. However, due to Mr. Mertens' unique circumstances and pursuant to his request at the end of his Motion to Amend, the Court will GRANT him a response deadline for any future pleadings filed by Defendant of ten (10) calendar days.

ORDER - 1

## I. Plaintiff's Motion to Join Parties

In Plaintiff's Motion to Join parties, Mr. Mertens asks this Court to allow him to join Judges Gerry Alexander, Cox, and Theresa Doyle as Defendants in this case. Plaintiff claims that these judges, while acting in their judicial capacities participated in denying him rights due to him under the Constitution and, therefore, must be joined to this case. However, it is well-established that judges are absolutely immune from suit when they are acting in their official capacity to exercise discretion through the "judicial process." In re Castillo, 297 F. 3d 940, 947 (2002) (citing Forrester v. White, 484 U.S. 219, 225 (1988); Imbler v. Pachtman, 424 U.S. 409, n. 20 (1976)). The protection afforded by absolute immunity is available to judges, "even when it is alleged that [judicial] action was driven by malicious or corrupt motives. . ." Id. Absolute immunity for judicial action is a way of preventing collateral attack on judgments through civil suits filed against the judge. Id. Nonetheless, judicial immunity does have some limits. A judge is not absolutely immune from suits that arise from actions taken when the judge was not acting in her official capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). Nor, is a judge immune when she takes actions, "in the complete absence of all jurisdiction." Id. One factor that courts look at in determining whether or not a judge should be shielded by absolute judicial immunity is whether or not the party making the complaint against the judge, "'dealt with the judge in his judicial capacity.'" Id., (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Here, Mr. Mertens makes no claim that he was dealing with any of the judges he names in their capacity as individuals. It appears that his claims against them center on conduct the judges allegedly engaged in while on the bench. For this reason, they are absolutely immune from suit and his Motion to Join Parties/Request for Summons must be DENIED.

## II. Plaintiff's Motion for a Court Order

Regarding Plaintiff's Motion for Court Order, Plaintiff asks this Court to issue an Order Granting the Defendant Access to the Case Files of the NWDA, Washington Defender Association, Society of Counsel Representing Accused Persons, and NW Defenders. Although Mr. Mertens'

ORDER - 2

pleading is a bit confusing, the Court assumes that he is asking for access to only his own files from when he was a Defendant represented by those agencies and that he is asking for access on behalf of himself, not on behalf of Defendant's attorney Richard Greeene. Because Mr. Mertens was the client in those cases, he should be allowed to view and copy these case files inasmuch as those files still exist, they pertain to him, and do not reveal any attorney-client privilege concerning co-defendants. Where any co-defendants may have been concerned, the defender agencies named have a right to remove or redact the materials pertaining to other individuals from the records Mr. Mertens is seeking. The Court, therefore, GRANTS Mr. Mertens' motion for a Court Order.

### III. Plaintiff's Motion for Court to Exercise Pendent Jurisdiction

Plaintiff's Motion regarding the Motion for this Court to Exercise Pendent Jurisdiction must be DENIED because, as Defendant observes, Mr. Mertens designates no colorable state law claim that he would like to have this Court consider. Rather, this motion appears to be an attempt to re-litigate the issue of whether or not the State of Washington should be included in this litigation. This Court has already ruled on this issue (See Dkt. No. 23). Although the Court in that Order dismissed the action against the state of Washington without prejudice, Plaintiff's motion provides no statutory basis to justify the Court's exercise of its pendent jurisdiction in this case. More importantly, Plaintiff's motion provides no means of overcoming the State of Washington's immunity under the Eleventh Amendment. For these reasons, the Court must DENY this motion of Plaintiff.

### IV. Plaintiff's Motion to Amend Complaint

Plaintiff's Motion is styled partly as a motion to amend his complaint by adding First Amendment Free Speech and Fourteenth Amendment Equal protection claims against the City of Seattle and the State of Washington to his Complaint. The other part of this motion appears to be a reply to the City of Seattle's Response to his motions. Although the Court has taken Plaintiff's Reply into account in ruling on his motions, it is proper for this Court to also address the Motion to Amend portion of this filing specifically.

ORDER - 3

Defendant City of Seattle argues that Plaintiff's motion to amend must be denied because of the late date of this proposed amendment, the prejudice to Defendant who will be forced to change the course of its defense, and the tenuous nature of these claims. Federal Rule of Civil Procedure 15 sets forth the liberal standard governing a court's decision whether or not to grant a motion for leave to amend. Generally, leave is "given when justice so requires." Fed R. Civ. P. 15(a). However, a district court has discretion to deny such a request when there will be prejudice to a Defendant, the amendment comes late in the litigation, and could substantially change the nature of the litigation. Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990). In Morongo, the district court whose decision was being appealed also found that the plaintiff's claims were "potentially futile." Mr. Mertens' First and Fourteenth state and federal constitutional claims also appear to be potentially futile because he is bringing them against the Washington state courts for disallowing motions and not giving him a chance to personally address these courts. Neither the state nor the federal constitutions provide an inherent right to address a court regarding motions and this Court has already outlined, above, the immunity afforded to the judiciary when engaged in "judicial" conduct. See also Francheschi v. Schwartz, 57 F. 3d 828, 831 (9th Cir. 1994). Because Mr. Mertens' First and Fourteenth Amendment claims are likely futile and because this motion to amend comes approximately one and a half years into this litigation, could change the course of the case, and prejudice Defendant, Mr. Mertens' motion for leave to amend is DENIED.

Mr. Mertens also raises another issue in his Motion to Amend at the end of the document in a hand-written note. He asks this Court for an enlarged time of ten (10) days to file any Responses or Replies to any future motions filed by Defendant. As reasons for this relief, he explains that he has no computer and is only able to check his post office box periodically. In light of Plaintiff's circumstances as a pro se litigant, this Court GRANTS his request and will allow him ten calendar days to reply to any motion filed by Defendant.

**V. Motion for Injunction**

ORDER - 4

Plaintiff also brings a motion for injunctive relief to prevent his municipal court records in Seattle and Edmonds from being destroyed. In general, issuance of preliminary injunctive relief is appropriate where the court determines that: 1) the moving party will suffer irreparable injury if relief is denied; 2) the moving party will probably prevail on the merits at trial; 3) the balance of potential harm favors the moving party; and 4) the public interest favors granting injunctive relief. <u>International Jensen, Inc. v. Metrosounds U.S.A., Inc.</u>, 4 F.3d 819, 822 (9th Cir. 1993). Defendant argues that this motion should be denied because Plaintiff has failed to state what his irreparable injury will be, nor has he demonstrated a likelihood of success on the merits of his case. Defendant also argues that Plaintiff has been given a copy of his Seattle municipal records and that this Court does not have jurisdiction over the city of Edmonds. From the Court's reading of Plaintiff's motion, it appears that Mr. Mertens' primary objective in asking for injunctive relief is to preserve the court records in order to later bring a claim against the state of Washington regarding his alleged mistreatment in the state courts. As noted above, however, Mr. Mertens' Washington state claims have been dismissed and the judiciary enjoys absolute immunity from suit. First, because Washington state has been dismissed as a Defendant, it is not clear that the Court has jurisdiction to grant this form of relief, especially as to the city of Edmonds, which is a third-party to this suit. Second, the well-established doctrine of judicial immunity makes it unlikely that Plaintiff will succeed on his claim against the Washington courts. For this reason, the Court DENIES Plaintiff's motion for an injunction.

**VI. Motion for Hearing**

Finally, Plaintiff asks for a hearing, "for the purpose of establishing the disputed and undisputed facts of the case for the record." The Court DENIES Plaintiff's request at this time and advises him that the facts of a case are usually established through discovery and investigation, the results of which are most often presented to the Court in motions practice or at trial. Another alternative would be for Mr. Mertens to confer with Mr. Greene and enter into a stipulation regarding the undisputed facts of this case.

ORDER - 5

**VII. Conclusion**

The Court DENIES Plaintiff's Motion to Join Parties, GRANTS Plaintiff's Motion for a Court Order, DENIES Plaintiff's Motion for the Court to Exercise Pendent Jurisdiction, Plaintiff's Motion for Injunction Order, Plaintiff's Motion to Amend, and Plaintiff's Motion for a hearing.  All of the motions that this Court is denying are procedurally or legally defective and the Court cannot, therefore, grant Mr. Mertens the relief he seeks.  However, due to Mr. Mertens' unique circumstances and pursuant to his request at the end of his Motion to Amend, the Court will GRANT him a response deadline for any future pleadings filed by Defendant of ten (10) calendar days.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: January 20th, 2006.

*[signature]*

Marsha J. Pechman
United States District Judge