UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN MERTENS,

              Plaintiff,

v.

CITY OF SEATTLE,

              Defendant.

No. C04-1476MJP

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 85). Plaintiff has filed a response. (Dkt. No. 88). Having reviewed the parties' briefing, as well as all pertinent documents and exhibits, the Court GRANTS Defendant's motion.

**Background**

Plaintiff Kevin Mertens was convicted in 1997 in Seattle municipal court of criminal trespass, property destruction, and obstructing a public officer. On appeal to the King County superior court, Mr. Mertens challenged the trespass conviction and the restitution ordered on the property destruction conviction. The superior court reversed the trespass conviction, but affirmed the restitution ordered. Mr. Mertens moved for discretionary review in the Washington court of appeals, but the court denied review. Mr. Mertens then moved for discretionary review and for other various forms of relief in the Washington Supreme Court. In April 2002, the Commissioner of the Washington Supreme Court denied the motion for discretionary review and the associated motions.

ORDER - 1

1  In April 2003, because Mr. Mertens had complied with the conditions of his deferred sentence, the municipal court dismissed the remaining two charges against him with prejudice.

In September 2003, Mr. Mertens filed a personal restraint petition challenging the judgment and sentence in the 1997 convictions. The Washington court of appeals dismissed the petition because Mr. Mertens was no longer under any sort of "restraint" within the meaning of the rules governing personal restraint petitions. The Commissioner of the Washington Supreme Court denied discretionary review of the court of appeals' dismissal. Mr. Mertens moved to modify the Commissioner's ruling; on March 2nd, 2004, the Washington Supreme Court denied the motion.

Mr. Mertens, proceeding pro se, filed a complaint against the City of Seattle and the State of Washington in this Court on June 25th, 2004. In the complaint, Mr. Mertens alleges that he was "denied his federal and state constitutional right to properly defend in person and to compel witnesses to attend on his behalf, by the City of Seattle municipal court" and that he was "unreasonably restrained by the city court's actions during remand." Mr. Mertens also argues that the state courts failed to properly interpret state law. And Mr. Mertens argues that he was allowed to represent himself pro se without a "proper waiver of rights being obtained by the City of Seattle and Washington State Courts." Mr. Mertens requests that this Court dismiss the March 2nd, 2004 Washington Supreme Court ruling, remand his case back to the state courts, allow him to file a personal restraint petition for ineffective assistance of counsel and prosecutorial misconduct, and award him costs.

On April 8th, 2005, the Court dismissed the claims against Defendant State of Washington. The City of Seattle has moved for summary judgment. Mr. Mertens opposes the motion.

**Analysis**

**A.    Summary Judgment Standard**

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus.

ORDER - 2

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

**B.     Under the Rooker-Feldman doctrine, the Court does not have subject-matter jurisdiction to hear Mr. Mertens' claims.**

The Court does not have subject-matter jurisdiction to hear Mr. Mertens' claims. Under the Rooker-Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court.[1] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. Bianchi v. Rylaarsdam, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting

---

[1] As the Supreme Court recently explained in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 285-85 (2005), in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court affirmed the dismissal of a suit that was filed in federal district court by parties defeated in state court. The Court reasoned in Rooker that federal district courts, as courts of original jurisdiction, lacked the requisite appellate authority to hear such a case, even where plaintiffs in federal court alleged that the state-court judgment was rendered in violation of the federal Constitution. Exxon Mobil, 544 U.S. at 284-85. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), the Supreme Court reaffirmed Rooker and held that "to the extent [plaintiffs] sought review in the District Court of the District of Columbia Court of Appeals' denial of their petitions . . ., the District Court lacked subject-matter jurisdiction over their complaints." Exxon Mobil, 544 U.S. at 285 (quoting Feldman, 460 U.S. at 482).

ORDER - 3

Feldman, 460 U.S. at 483 n.16).  Rooker-Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. Id. at 900 n.4.  The doctrine applies to attacks of criminal judgments as well as civil ones.  Roberts v. Los Angeles City Fire Dep't, 86 F. Supp. 2d 990, 994 (C.D. Cal. 2000); see also Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (applying Rooker-Feldman doctrine where state court judgment was a criminal conviction).

All of Mr. Mertens' claims stem from his 1997 convictions and the subsequent appeals and remand in that case.  In his complaint, he asks this Court to dismiss the March 2nd, 2004 Washington Supreme Court ruling and authorize him to file another personal restraint petition in state court.  In his response to Defendant's motion for summary judgment, Mr. Mertens makes numerous allegations regarding the state court proceedings: he argues that his public defender provided ineffective assistance, the courts prejudicially favored the prosecutor and each other, the City violated Mr. Mertens civil rights, the state courts failed to properly interpret state law, and the state court rulings were not supported by evidence.  Mr. Mertens states in his response that "[t]his case and the plaintiff's complaints are a direct result of the O.P.D., the prosecutor's office, and the municipal courts."

Mr. Mertens claims that he is not asking this court to "review the rulings" made by the municipal or state courts, but rather that he is alleging constitutional violations made by the City and misinterpretations of the law made by the state courts.  As mentioned, this distinction does not matter under Rooker-Feldman.  "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."  Bianchi, 334 F.3d at 901 (quoting Kenman Eng'g v. City of Union, 314 F.3d 468, 475 (10th Cir. 2002)).  Because all of Mr. Mertens' federal claims either allege a constitutional injury based on the state court judgment or directly appeal the merits of the state court judgment, the claims are barred under Rooker-Feldman.  Id. at 900 n.4; see also Datz, 51 F.3d at 253 (noting that if plaintiff "cannot have success on the merits of his section 1983 claim

unless the state court was wrong in its conclusion," then the federal proceeding is "inextricably intertwined" with the state court judgment and the federal suit is barred).

### Conclusion

Because this Court does not have subject-matter jurisdiction to hear Mr. Mertens' claims, the Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES Mr. Mertens' case with prejudice.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 12th day of October, 2006.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER - 5